PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY GRANBERRY, | ) | |
| | ) | CASE NO. 4:24CV2229 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TAMMIE JONES, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

## I. Background

*Pro Se* Plaintiff Jerry Granberry filed an *in forma pauperis* complaint in this case against Columbiana County, Ohio Assistant Prosecuting Attorney Tammie Jones. *See* Complaint (ECF No. 1). The Complaint (ECF No. 1) does not set forth any factual allegations. Instead, Plaintiff simply states in conclusory terms that he was deprived of his "rights" and that "a person of the law," *i.e.*, Defendant, withheld evidence beneficial to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 1 at PageID #: 3-4, ¶¶ II, IV. The only apparent relief he seeks is $225,000 in damages. *See* ECF No. 1 at PageID #: 4, ¶ II(B)(3).

The docket of the Columbiana County, Ohio Court of Common Pleas shows that Plaintiff was convicted after a bench trial on charges of compelling prostitution, attempted unlawful sexual conduct with a minor, engaging in prostitution, and possessing criminal tools; and that, after his convictions were upheld on appeal, *State v. Granberry*, No. 24 CO 0008, 2025 WL 290201 (Ohio App. 7th Dist. Jan. 15, 2025), he had been ordered to self-report to the

(4:24CV2229)

Columbiana County Jail not later than February 10, 2025.  On February 7, 2025, Plaintiff filed a

Motion to Continue Commencement of Sentence.  Thereafter, Plaintiff filed a Notice of Appeal

from the Judgment Entry that required him to self-report to the Columbiana County Jail to begin

serving his prison sentence.  *See State v. Granberry*, No. 2022 CR 636 (Columbiana Cnty. Ct.

Common Pleas filed Oct. 14, 2022).  Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No.

2) is granted, and for the following reasons, the Complaint (ECF No. 1) is dismissed.

## II.  Standard of Review and Analysis

District courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in*

*forma pauperis* complaints filed in federal court, and to dismiss before service any such

complaint that the court determines is frivolous or malicious, fails to state a claim on which relief

may be granted or seeks monetary relief against a defendant who is immune from such relief.

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The standard articulated in *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for

determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to

state a claim under § 1915(e)(2)(B).  *Hill*, 630 F.3d at 470-71.  In order to survive a dismissal, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.  *Id.*  The allegations in the pleading "must be enough to raise a right to relief

above the speculative level . . . on the assumption that all the allegations . . . are true (even if

doubtful in fact)."  *Twombly*, 550 U.S. at 555.

Furthermore, although *pro se* complaints are generally entitled to liberal construction, the

lenient treatment generally accorded *pro se* pleadings "has limits."  *Pilgrim v. Littlefield*, 92 F.3d

2

(4:24CV2229)

413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and

courts are not required to conjure allegations on their behalf or construct claims for them.  *See*

*Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 Fed.Appx. 579, 580

(6th Cir. 2001).

Upon review, the Court finds that the Complaint (ECF No. 1) warrants summary

dismissal pursuant to § 1915(e)(2)(B).

First, it is well-established that a prosecutor "is immune from a civil suit for damages" for

conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424

U.S. 409, 431 (1976).  State prosecutors enjoy absolute immunity when they function as an

"advocate for the state" and perform actions "intimately associated with the judicial process."

*Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997).  The only conduct of Assistant

Prosecuting Attorney Jones of which Plaintiff complains on the face of the Complaint (ECF No.

1) is conduct falling within the scope of prosecutorial duties as to which Defendant is absolutely

immune from a damages suit.

In addition, damages claims that necessarily imply the invalidity of a criminal conviction

or sentence are not cognizable unless the plaintiff first shows that "the conviction or sentence has

previously been invalidated." *Ruiz v. Hofbauer*, 325 Fed.Appx. 427, 430 (6th Cir. 2009) (citing

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  In *Heck*, the Supreme Court held that "in

order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42

U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

(4:24CV2229)

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

U.S.C. § 2254." *Heck*, 512 U.S. at 486-87 (footnote omitted).

A suit seeking damages for a *Brady* violation necessarily implies the invalidity of the

underlying conviction, but Plaintiff has not alleged or demonstrated that any of his Columbiana

County, Ohio criminal convictions has been invalidated or set aside in any of the ways articulated

in *Heck*.[1]  Accordingly, Plaintiff has also not alleged a cognizable damages claim against

Assistant Prosecuting Attorney Jones under *Heck*.  *See Ruiz*, 325 Fed.Appx. at 428 (affirming

dismissal of damages claim alleging *Brady* violation in connection with prosecution for assault).

### III.  Conclusion

For the foregoing reasons, the Complaint (ECF No. 1) is dismissed.  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.


IT IS SO ORDERED.


   February 27, 2025                        */s/ Benita Y. Pearson*

Date                                     Benita Y. Pearson
                                       United States District Judge

---

[1]  Instead, as noted above, the Seventh District Court of Appeals of Ohio upheld
his convictions.

4